Good morning. Robert Rowe, appearing for Plaintiff and Appellant Teresita Imperador. Reversal in this case is strongly supported by the recent decision of the California Court of Appeal in June of 2006, which was after the briefing was done in this case, and I advised the Court of that decision in a letter in July of this year. That case basically holds that the statute of limitations applicable to a case such as this is determined by the plaintiff is seeking and not by the conduct of the insurance company that is the subject of the dispute in that case. In Aiken, as in this case, we had a property insurance policy that was unilaterally rescinded by the insurance company. The plaintiff in Aiken allowed the one-year time limitation in property insurance policies to expire, and therefore was barred from bringing a claim for breach of contract. So what the plaintiff did in that case was to sue for rescission damages, but seek as damages contract damages. And the Court of Appeal said that that was not proper, that they could not rely upon the four-year rescission statute of limitations that applied to a rescission claim because in reality this was a breach of contract claim, and that if the plaintiff wanted to seek contract damages, she was required to affirm the contract, argue that the rescission was not valid, and that that claim would be subject to the one-year limitation period. Is there any case, though, that, or what's the best case to support the thought that where one party says, I've extinguished the contract through my unilateral rescission, a court has said, well, notwithstanding that claim unilateral rescission, there's still a breach of contract action? Well, there are several cases cited in our brief where there was an attempt by an insurance company to unilaterally rescind a contract. And in each one of those cases, the plaintiff brought an action for breach of contract, as we did in this case. One of those cases is the California Supreme Court decision in O'Riordan, which involved a life insurance policy and a claim by the insurance company that the applicant had lied about her smoking history. And O'Riordan, I think, was a 2005 decision by the California Supreme Court. Again, in that case, the insurance company was not sued by the plaintiff to rescind the rescission, as Prudential would put it, or to set it aside. They sued for breach of contract. And again, in Aiken, the same thing. The court said, the plaintiff in these types of cases has to make an election when they sue. If you want to agree with the rescission and simply seek, let's say, a return of your premiums in order to put you back in the position that you were in before the rescission, that is a rescission claim, and that is subject to the four-year statute of limitations. And I believe it's Section 338 of the California Code of Civil Procedure. On the other hand, if what you are seeking are contract benefits, and your argument as a plaintiff is that the rescission was not valid, that claim is subject to the one-year limitation period. And in this case that we have before us, that one-year limitation period was revived by California's Code of Civil Procedure, Section 340.9, and therefore the district court was wrong in ruling that it should be dismissed based upon the four-year statute of limitations. Now Prudential will probably argue that it doesn't really matter because the case was rescinded and therefore the policy is gone. However, for reasons that we've gone into in great detail in our briefs, there are many triable issues of fact on whether or not the policy was actually rescinded, starting with the fact that my client never made a misrepresentation to Prudential. All that my client did was sign a blank application form and give that to the agent. She did that on the instructions of the agent of Prudential, and the Prudential agent then filled out that application form and submitted it. There was information on that form that was wrong. Prudential is pointing to that wrong information as a misrepresentation, but in effect, because the person that filled it out and submitted it to Prudential is an agent, Prudential is relying upon a misrepresentation that it made to itself in order to rescind this policy. My client never made any misrepresentation to Prudential, and for that reason and for the other reasons cited in our brief, we would ask that the Court reverse this case and send it back to the District Court for trial. Thank you, counsel. Good morning, Your Honors. Alan Michael for Prudential. You've met me to try to squeeze into the narrow confines of law and justice here. This is not a case where Prudential is saying that Ms. Imperator lied. This is a case in which it's undisputed that she had under the underwriting guidelines, the policy would not have issued had the information been provided. There's no factual dispute over whether the decision was valid? You're entitled to prevail on the issue of decision? Well, the first point I was addressing was that unlike any other case, this is a case where Ms. Imperator, through counsel, have properly acknowledged that she did have the prior claims. There was no dispute. That's not the problem. The problem is she says that the form was blank when she signed it, and that the insurance company failed to put in that information. I'm sorry, Your Honor. Perhaps I misunderstood. She does take the position that the form was that she had had prior losses. So unlike any of the cases... The agent told her to just sign this form. No matter what, the agent, neither the agent nor Prudential, had no knowledge of prior losses. And all of the cases that Mr. Rowe relies upon for charging the insurer with the knowledge of the agent or the fault of the agent involve... You are arguing that if we were here on the merits of a summary judgment motion, where the issue is, was the decision proper, that you would prevail as a matter of law, there's no dispute of facts, of material facts. Sure. Okay. So that's what you're arguing. Yes. And because what matters isn't whether she intended to deceive, but whether the policy was issued on the basis of mistaken information, and clearly that's the case. There is no... She came up with no dispute on the underwriting guidelines. If they had never asked her, have you had prior accidents, you couldn't have assumed it. Now, you say that we did ask her because she signed a form that had those questions. But what she says is, I was just told to sign this form and the agent would take care of everything else. Yes. She said they never asked me anything. They just said sign the form. Well, I suppose that's an argument that's never been articulated, which is that somehow she was told to disregard the questions. I don't think the evidence shows that the agent said disregard the application. I think the evidence is that she... He didn't say fill out the application and sign the form. An initial... He didn't say give me information and sign the form. He just said sign the form and I'll take care of everything. Her friend, the agent, according to her statement now, is supposedly said, just sign the form and apparently also initial where you say that you haven't had any prior claims. And that's her position now. But it doesn't matter for purposes of the 1994 rescission, where in connection with the theft claim, Prudential said, wait a minute, this woman has had prior claims and we've established in the record here without dispute that the underwriting guidelines were such that if you'd had two claims in the prior three years, the policy never would have incepted. Let me just get back to Judge Reinhardt's question for a moment. The district court, as I understand it, thought that this misrepresentation argument was a good one and said plaintiff's argument that the innocent misrepresentation was caused by Prudential's agent is a defense to the unilateral rescission, but thought that that was time barred. So the district court thought that was a good argument. Is that not correct? Whether he meant it was a creative argument or was legally valid, I'm not certain. But I do know that the court did say, as you stated, that no matter what, since the rescission was declared and the premium returned in 1994 and seven years elapsed, the 340.9 did not revive it because there was no policy for that timeframe. You're talking about this theory that the rescission by the insurance company was self-executing and extinguished the contract. I agree that this case, if this court were to say, I think for the first time, that the statutory unilateral rescission process in California where you can rescind a contract, give back the premium or whatever it is, and say the contract is rescinded, a clock may start ticking for the other side to say, hey, wait a minute. That isn't what I had in mind. I'm suing you for breach of contract. Is there any case that says that a rescission is self-executing and extinguishes the contract? I didn't see any cases that were cited. I was looking at the statute. The statute gives two ways to effectuate a rescission. It says a party may declare a rescission and give back to the other side, and then there's a statute that says you can bring an action for a rescission. I think the statutory scheme is what tells us that there are two ways to go about doing it. But doesn't the rescission statute just allow you to sue for rescission damages, not for it doesn't mention breach of contract. That was, as I understand the Aikens case, that you have an election. You can sue for rescission damages, in essence, getting back to the place you were before, or you can sue for breach of contract. I think you could also, and this is what the oral argument was about, you could come up, for example, had this been a different kind of case, there might be a pretextual rescission where somebody would say, oh, I don't want to give you the benefits of the contract, so I'm going to claim rescission after the fact, in which case you would want to come back, and if they had perfected it, by giving you your money back and saying, we don't have a contract ab initio. And the courts keep using the phrase, annihilated ab initio, and it's been rendered null and void. Ab initio, that doctrine has been in California law for many years, and it's been reaffirmed very recently by the California Supreme Court. And so what you're talking about, I mean, the Aiken case, Your Honor, is a case where somebody just tried to change what they were doing. They were suing for damages, and they tried to come in through the rescission back door. But if somebody has rescinded, and somebody who is aggrieved by the rescission feels that that shouldn't happen, Aiken didn't deal with that issue of, wait a minute, that rescission itself is a fraud that's being perpetrated on me, or a breach of contract. So what do you do? Let's say you're faced with that situation. You have what you think is a valid declaration, application for insurance, and you send it in, and eventually the insurance company sends you a letter saying, we've discovered that you made a misrepresentation in your application, and we are now rescinding the contract. Here's a check for your returned payments. You do what Ms. Imperator did, you go to your lawyers, and the lawyers pounded on the table and wrote nasty letters, and didn't file the lawsuit that said, this rescission is wrong, I want my policy back. Somebody had to have said, she has no policy. They were sued for breach of contract. So far, that was seven years later. No, no, I said they would. Suppose the lawyer said to her that they couldn't rescind it. You have a valid contract. Why wouldn't they include a cause of action for declaratory judgment? All they have to do is sue for breach of contract, right? I don't think... You would assert rescission as it depends. If I were to do it, I would, well, you could do it that way, I would have brought an action saying, since my client has the premium, has accepted the premium, a new relationship has existed. Somebody says the contract is off, somebody has taken the money back, the relationship that exists is no contract is in existence. So before I sue for breach of contract, I would put a cause of action in to set aside the rescission and establish that the contract exists. The second cause of action, breach of contract. If the premium has been accepted, which was the case here. Because that premium... They would have a claim for breach of contract. They could also, if they wanted, sue to set aside the rescission. But it wouldn't be necessary. If they sued for breach of contract... I mean, you might sue to set aside the rescission if the breach had not yet occurred. If there had been no problem, no earthquake. The tendering of the premiums back and the declaration of the rescission together with the statutory language that says that's how a rescission is effectuated. And that the effect of a rescission is to extinguish the contract. And no case that says that it doesn't count unless there's a judicial imprimatur upon it would tell me, as the lawyer representing her, that the first order of business having accepted the premium is to say, wait a minute, that was wrong. I want to get back for whatever equitable reason, some kind of equitable action to say, I don't want to accept the rescission. I want that policy back the way it was. You sound to me like an insurance company lawyer hoping for the best of what the plaintiff's lawyer would do. But let's be realistic. Let's say you're really now representing the insured. And you're in a situation. The insurance company claims to have rescinded this contract. Well, claims to have and did. And the lawyer said, you've rescinded this contract. And the premium has been accepted back. That's insurance company's argument. Interesting argument. But here you are the lawyer for the claimant. Why wouldn't you just go into court and say, look, I don't care what they say. We have a contract. And we're suing on a policy. If they think we don't have a contract, they can raise it as a defense. But we don't have any obligation to go in and set aside or give any credence to what they said. If they have proved that we don't have a contract, sure, they can litigate it. But why wouldn't you, why couldn't you just go in and say, those are interesting words. The insurance company uttered. But no legal effect. We have a contract. I'm suing on a policy. I can quote the court. Do you think they're preventing from doing that? Here would be the reason. The court in the imperial casualty case said, why would you give the person whose policy has been rescinded more rights than the honest person who, if they had put the facts in the application, wouldn't have had the coverage in the first instance. And that would be the reason. But how do you have more rights? To make, to claim that there's a contract when the insurance company has said, based upon the. How do you have more rights than anyone has to make a claim of a breach of contract? You have the same right. Oh no, you're making a claim that somebody has violated a contractual obligation after they have taken the position that if you had told us that you had prior losses, we never would have issued the policy. And again, not to say that she was a liar. The only right you have is to sue on the policy. If the insurance company doesn't comply, someone whose contract has not been rescinded, files a suit for breach of contract. And someone whose policy has been purportedly rescinded, files the same suit, breach of contract. If I may go to the point that's suggested by Judge Kozinski, and Your Honor as well. That would then ask, you would pose the question of whether 340.9 was intended to reopen the deadline to address all disputes that might exist between an insured, or a nurse while insured, and a nurse while insurer, only claims handling related disputes. And we argued here, and all of the cases are in accord, that 340.9 was a remedy for supposed improper claims handling. And I thought one of the effects of this case, that is undisputed, is that We heard it a little more broadly than that. A little more broadly, but those cases were all You say a lot more broadly. Well, yes. RICO claims. They were RICO claims, negligent misrepresentation. All about the way in which the insurance company dealt with the claims. There is nothing here about claims handling. That is, really. If there is a contract, and there's a valid breach of contract claim, then the question is, why did Prudential say the contract rescinded, as opposed to honoring the claim? There's really, in California, no cause of action for wrongful rescission that I'm aware of, or that was cited. Well, you could conceive of a rescission that was pretextual. Not the case here, because this rescission flew out, came out of the handling of a theft claim. You could think of a rescission that was itself the result of fraud. Not the facts here. So you could imagine, you could certainly imagine it, and we talked to the trial court about cases, real cases. But that's not this case. Did you have a question that you could have asked here? It helps me. Okay, that there are no cases in California. I would like to know the answer to this question. There's no claim in California for wrongful rescission, is there? If you think your insurance company has wrongfully rescinded, there isn't something you can go to court and say, hey, you're wrongfully rescinded. If you have a claim on the policy, I think it's true on the policy. But let's say you don't have a claim on the policy. Let's say you're just going along, you have insurance, and the insurance company says, you know, you don't have a contract at all. And you go to court and say wrongful rescission? Oh, that's, well, an action to, for declaratory relief, or some equitable action to cause this state of affairs to be fixed. You're repeating the question. I think there is a cause of action that could cure that problem. Okay, and what do you cite for that? The 1692, the statute. That's for rescission, for what benefits you get on a rescinded contract. I think the remedies, there's a, see the 1691, I'm sorry, Your Honor. The 1691 and 1692 have broad remedies if you have had a contract rescinded. I don't think it's limited to breach of contract. You can go in and establish whatever's necessary. You can get in damages that you receive, but you don't. Couldn't get a declaration. I would think that you could get a declaration that the policy was not properly rescinded or your policy is enforced. I would think that is really not very good authority, counsel. Do you have a case? No, I'm relying on this. The linchpin of your argument is that the applicable statute of limitation is a rescission statute, right? That's the heart of your case. And yet you don't have a single case where you're actually able to go in, somebody's able to go in under that statute and say there's a wrongful rescission. See, the rescission statute has got four years to rescind the contract. That's what it applies to. But where do you have a case where it says you've got four years to go in and dispute a rescission? My analysis of it, Your Honor, is that when somebody offers you money back and you accept it, you've formed a new contractual relationship of there is no contract and you've got to do something to put that contract back. I'm repeating myself, but that's my understanding of the law of equitable remedies. You don't have a case? That's what would happen? No. Thank you, counsel. Thank you. I have nothing further to add. Thank you, counsel. The case is arguably submitted. The court will take a morning recess.
judges: Reinhardt, Kozinski, Ikuta